MARSH v. STATE.

Opinion delivered November 8, 1920.

1. INTOXICATING LIQUORS—EVIDENCE OF SALE.—In a prosecution for the illegal sale of whiskey, evidence of the discovery of mash, moonshine liquors, etc., in and about defendant's premises is admissible as tending to show that he was engaged in the whiskey business.

2. CRIMINAL LAW—REMARK OF COURT—ABSENCE OF OBJECTION.—In a prosecution for a criminal offense, a remark of the court made during the trial will not be considered where no objection or exception was saved thereto.

3. INTOXICATING LIQUORS—QUESTION FOR JURY.—In a prosecution for the illegal sale of whiskey, evidence *held* sufficient to carry to the jury the question of identification of defendant.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*J. N. Rachels,* for appellant.

The court erred in admitting Sheriff Plant's testimony and in addressing the remarks to the prosecuting attorney in the presence of the jury during the cross-examination of R. M. Clayton; also in admitting the evidence of H. B. Rogers. This was extremely prejudicial to appellant. Without this evidence a verdict of "not guilty" would certainly have been the result. There was no competent testimony to support a verdict of guilty, and the court really should have instructed a verdict for defendant in both cases. There was no testimony that Marsh was the man who sold the whiskey to Harve Hall. Marsh was proved to be an honored citizen, without blemish or spot, until Castleberry, a lifelong bootlegger, falsely attempted to put the blame on appellant, and a new trial should be granted.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

There was no error in the admission of evidence, and the instructions were correct. No proper exceptions were saved at the trial to the admission of evidence and the evidence warrants a conviction in both cases.

HUMPHREYS, J.   These appeals are from judgments
of conviction of appellant in the White Circuit Court for
the illegal sale of whiskey.   The cases being against the
same party and of the same general character, one opin-
ion will suffice in both cases.   The first conviction was
obtained in case No. 2463 upon an indictment charging
appellant with a sale of whiskey to Riley L. Castleberry,
and the second upon an indictment charging him with a
sale to Harve Hall.   As a punishment in each case, ap-
pellant was sentenced to serve one year in the peniten-
tiary.   In the first case, or case numbered 2463, attorney
for appellant admits that the testimony for and against
the sale of four gallons of whiskey by appellant to Riley
L. Castleberry, in December, 1919, in Pangburn, White
County, Arkansas, presented an issue of fact to be de-
termined by the jury; but contends that the court erred
in permitting the sheriff, Tatum C. Plant, to testify in
substance that he visited appellant's farm, across the
line in Cleburne County, about ten miles from Pang-
burn, and found a one-gallon demijohn and a two-gallon
wooden keg of moonshine whiskey buried in his garden;
also a lot of mash in his smokehouse; also, five barrels
of mash about one-quarter of a mile outside of his field
where a still had been located; also eight or nine half-
gallon fruit jars of sugar and molasses in a tow-sack in
the barn.   This evidence tended to show that appellant
was in the whiskey business and was a circumstance
tending to establish the sale of whiskey to Riley L. Cas-
tleberry.   It was therefore proper to admit it for that
purpose.

It is insisted that the court erred in addressing the
following remark to the prosecuting attorney in the
presence of the jury during the cross-examination of
R. M. Clayton, one of appellant's witnesses:

"*Court:*   That is one of the ingredients, isn't it?
"*Prosecuting Attorney:*   Yes, sir."

The connection in which the remark of the court,
and answer of the prosecuting attorney was made is as
follows:   R. M. Clayton was asked the following ques-

tion in reference to the molasses and sugar found in the barn:

"Q.   It was molasses and sugar, wasn't it?"

"*Mr. Rachels,* for defendant:   We object.

"*Court:*   That is one of the ingredients, isn't it?

"*Mr. Miller* (prosecuting attorney) :   Yes, sir.

"Objection overruled; note our exceptions.

"A.   It looked to me like it was molasses and sugar, or molasses that went to sugar."

No objection was made or exception saved at the time to the remark of the court and the answer of the prosecuting attorney.   The objection and ruling related to the question propounded by the prosecuting attorney to the witness in reference to the molasses and sugar and was proper and competent.

Two questions are presented for determination on appeal in case No. 2464.   The first challenged the admissibility of the evidence of H. B. Rogers, in substance similar to that of Tatum Plant adduced by the State in case No. 2463; and to the evidence of Harve Hall, Ralph M. Jones and Ezra Marsh, concerning the purchase of whiskey at a later date by them from appellant near his farm in Cleburne County.   The competency of this evidence was discussed in case No. 2463.   For the same reason there assigned, the evidence was admissible in this case.

The second question challenges the sufficiency of the evidence to identify appellant as the party who made the sale of whiskey in Pangburn to Harve Hall.   Harve Hall testified that he bought a gallon and a half of whiskey from a man they called S. A. Marsh, in Pangburn, on or about the first of May, 1920; that he paid him $30 for it in a check made payable to S. A. Marsh; that the man from whom he purchased the whiskey looked like appellant except that appellant's beard at the time of the trial was a whole lot longer and some whiter than the beard worn by the man from whom he bought it; that he afterwards went in a car to Cleburne County with Ralph Jones, Charley Marsh and Asa Marsh, and met the man

from whom he bought the whiskey at Pangburn on the roadside near Wilburn, in Cleburne County; that, at that time, the man's beard was shorter and not so gray as appellant's beard; that he bought and paid for the whiskey at R. M. Jones' store in Pangburn.

R. M. Jones testified that he went to Cleburne County with Harve Hall, Charley and Ezra Marsh, in a car, and bought some whiskey from S. A. Marsh, the appellant; that is, from a man that resembled appellant, with whiskers probably not as heavy as appellant's; that, at the time, he was not familiar with appellant, but, since that time, had met him and is of opinion that appellant is the same man as the man from whom he bought the liquor in Cleburne County; that appellant had never been in his house at Pangburn but one time.

Ezra Marsh testified that appellant favored the man the four of them met in Cleburne County, but looked a little older; that, at the time they met him in Cleburne County, he had whiter and shorter beard.

Stewart Coffey testified that he was acquainted with appellant, S. A. Marsh, and had seen him several times in Pangburn; that about the first of May, he saw him at the store of R. M. Jones with a small vial, or bottle, of whiskey, representing it to be a sample of whiskey he had for sale; that he priced the whiskey to him at $20 a gallon.

H. B. Rogers testified that appellant was the same man whose farm they searched in Cleburne County at the time they found the demijohn and keg of moonshine whiskey buried in his garden; that, at the time of the trial, appellant's whiskers were a little longer than they were then; that, at that time, they were all crumpled up, but that at the time of the trial he had combed them out a little.

It developed that Harve Hall had been engaged in the unlawful sale of whiskey himself, and it was apparent from a reading of his testimony, as well as that of R. M. Jones and Ezra Marsh, that they were unwilling witnesses for the State as to the identity of appellant.

Appellant denied selling Harve Hall any whiskey in Pangburn or that he had a vial about the time representing it to be a sample of whiskey he had for sale, or that he offered to sell any whiskey to Stewart Coffey. He also testified that he had worn his beard just as it appeared at the trial for two years and for that length of time it had been about the color and length it then was, and that it was his custom to comb his whiskers out every morning. His testimony in reference to the length and color of his whiskers was corroborated by that of other witnesses.

We can not say, as a matter of law, that the evidence did not sufficiently identify appellant as the S. A. Marsh who sold the whiskey to Harve Hall. Under the evidence the question of identification was clearly one for the jury to determine.

In view of our conclusions, the judgment in each case is affirmed.