## ROBERTSON *v.* STATE.

### Opinion delivered May 23, 1921.

1.  INTOXICATING LIQUORS—MANUFACTURE OF WHISKEY—EVIDENCE.— Evidence that defendant, accused of manufacturing whiskey, was engaged in operating a still for the manufacture of whiskey and that whiskey was found on his premises, in the absence of evidence that any one besides defendant frequented the premises, was sufficient to sustain a finding that he manufactured whiskey.

2.  INTOXICATING LIQUORS—MANUFACTURE OF WHISKEY—INSTRUCTION. —Where the indictment charged the unlawful manufacture of whiskey, and the evidence tended to prove its manufacture, the sole question being whether or not he succeeded in the effort, an instruction to the effect that defendant could be convicted if he manufactured "alcoholic, ardent, vinous, malt or fermented liquors which could be used and drunk as intoxicating beverage," was harmless.

3. INTOXICATING LIQUORS—MANUFACTURE OF EVIDENCE—EVIDENCE.— Evidence that liquor was found near where defendant lived was admissible to prove that liquor was manufactured by appellant on the premises.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

*Williams & Holloway* and *Guy E. Williams,* for appellant.

1. The court erred in allowing prejudicial testimony to be introduced.

2. It was error to refuse to permit defendant to file a demurrer to the indictment which would have shown that defendant's name is Will Robinson and not Bill Robertson, as charged in the indictment. 85 Ark. 12; 101 *Id.* 151.

2. Instruction No. 1 is erroneous and prejudicial because not responsive to the proof and is not law. Defendant was charged with manufacturing "whiskey," and there was no proof that the mixture he had made was intended to be used and drunk as a beverage. 216 S. W. 695; 215 *Id.* 631.

3. It was error to single out defendant and instruct the jury as to his credibility as a witness. 58 Ark. 353. See, also, 61 Ark. 88; 62 *Id.* 543; 77 *Id.* 334; 69 *Id.* 558.

Before a conviction can be had upon circumstantial evidence, such evidence must be so strong as to convince the jury of defendant's guilt to such an extent as to exclude every other reasonable hypothesis than defendant's guilt. 34 Ark. 632.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. No incompetent or prejudicial testimony was introduced. Besides, no objections were made to same, and no motion to exclude same from the jury was made.

2. There was no error in refusing to permit defendant to file a demurrer to the indictment, as no at-

tempt was made to file such demurrer. While appellant alleges said error in his motion for a new trial, this is not sufficient, as no objection was made or exceptions saved. 73 Ark. 407; 90 *Id.* 482. An objection made for the first time on appeal is unavailing. 123 Ark. 66.

3. There was no variance between the indictment and proof. If appellant was identified as the one sought to be punished it is sufficient. 113 Ark. 112; 122 *Id.* 391. Errors not set out in the motion for new trial will not be considered on appeal. 117 Ark. 198; 133 *Id.* 196.

4. The court correctly instructed the jury. Counsel misconstrue and misconceive the decision of the court in 215 S. W. 629. Instruction No. 4, considered with the others given, clearly state the law, and authorities are unnecessary, as it is well settled.

5. The verdict is sustained by the evidence. The evidence is abundantly sufficient to warrant the verdict of guilty.

McCULLOCH, C. J. Appellant was convicted under an indictment charging him with having manufactured "one pint of alcoholic, ardent, vinous and intoxicating spirits, commonly called 'whiskey.'" It is undisputed that appellant erected a crude distillery in an outhouse at the home of one Ezell Trice in Lonoke County, where he lived, and that he attempted to manufacture whiskey. Appellant admitted as much in his testimony, but he denied that he completed the distillation of the whiskey from the raw material which he was using. He used a metal coal oil tank or barrel and a wooden keg, into one of which he put the sour mash and the two containers were connected with a cane pipe used as a "worm." Appellant testified that he put into the keg a half-bushel of chops, two gallons of molasses and five buckets of water. A hole in the ground was used as a furnace, and the metal barrel was set over it. A fire was built in the furnace, and after the contents of the barrel became heated an explosion occurred. Appellant's effort to manufacture whiskey was thus discovered, and his arrest followed in a

few hours, as soon as the services of an officer could be procured.

Appellant freely admitted to the officer, and admitted on the witness stand, that he was attempting to make whiskey for his own use, but he claimed that he did not succeed in the effort, which was frustrated by the explosion.

After appellant was arrested and taken to jail, the officer went back to the house of Ezell Trice, and the latter carried him out a short distance from the house and discovered buried in the ground two jugs and a bottle of white "moonshine" whiskey. Trice testified that he did not put the whiskey there and did not know it was there until it was discovered on the search made by him and the officers. One of the officers who made the arrest testified concerning the condition of the crude distillery that he found, and also stated that some of the material used in making the liquor had been poured out on the ground.

It is earnestly contended that the evidence is insufficient to establish the fact that appellant manufactured any whiskey; that the proof merely shows that he was engaged in an effort to make whiskey, but that he did not complete it. We think, however, that the evidence is sufficient to warrant the jury in finding that the operation of the distillery resulted in the manufacture of whiskey. The fact that used raw material was poured out on the ground and also the fact that whiskey was found on the premises is sufficient to warrant the inference that whiskey was manufactured there by appellant. The two jugs and the bottle of whiskey were found on the premises only a few hundred yards from the house of Trice, who testified that neither he nor his wife put the whiskey there, and there is no evidence that any one else besides appellant frequented the premises.

It is next contended that the court erred in giving an instruction to the effect that the defendant could be convicted if the proof showed that he had manufactured "alcoholic, ardent, vinous, malt or fermented liquors

which could be used and drank as intoxicating beverage," when the indictment specifically charged the manufacture of whiskey. Conceding, under the rule announced by this court in *Carleton* v. *State,* 129 Ark. 361, that the particular language of the indictment was descriptive of the offense and that the proof must be confined to the kind of liquor specifically named, we are of the opinion that the instruction given by the court was not prejudicial, as the sole issue in this case was whether or not appellant succeeded in manufacturing whiskey which he was undertaking to do at the distillery when the explosion occurred. Appellant admitted that he was attempting to manufacture liquor, and, as before stated, the sole question was whether or not he succeeded in the effort. It is not conceivable that the jury were misled by this instruction and reached the conclusion that appellant manufactured anything else but whiskey. We think the instruction was harmless.

Again, it is insisted that the court erred in permitting one of the officers to testify concerning the finding of whiskey near Trice's home. We think that this had some tendency to prove that liquor was manufactured by appellant on the premises, and that the ruling of the court in admitting the testimony was correct.

Judgment affirmed.