SEXTON v. STATE.

Opinion delivered November 6, 1922.

1.  INTOXICATING LIQUORS—EVIDENCE.—In a prosecution for selling liquor, testimony of the sheriff as to finding whiskey at the home of defendant's father was admissible where defendant lived with his father.

2.  CRIMINAL LAW—EVIDENCE.—In a prosecution for selling liquor, a statement by the sheriff that he had received information that whiskey was being sold at defendant's house was competent in explanation of the reason for the sheriff's presence at that place.

Appeal from Johnson Circuit Court; A. B. Priddy, Judge; affirmed.

Patterson & Ragon, for appellant.

J. S. Utley, Attorney General, Elbert Godwin and W. T. Hammock, Assistants, for appellee.

McCULLOCH, C. J. Appellant was convicted in the Johnson Circuit Court under an indictment charging him with selling alcoholic liquors, and proof adduced by the State tended to establish the fact that appellant sold a quart of whiskey to one Bailey.

Appellant has not filed a brief in the case, and we can only search the motion for a new trial to ascertain what grounds are relied on for a reversal of the judgment.

The motion for a new trial contains no assignments of error with reference to the rulings of the court in giving or refusing to give instructions. The evidence is sufficient to sustain the verdict of conviction.

The only remaining assignments to consider relate to rulings of the court in admitting testimony.

Appellant, with his two brothers, lived with their father, and the sale of liquor in question to Bailey was, according to the testimony, made at the home place. Bailey went to appellant's place of residence in company with Bartlett, the sheriff of the county, and a man named Wise, and the two latter secreted themselves near the premises. Bailey went up to the house, at the request of the sheriff, and purchased whiskey. Appellant was not there at the time, and Bailey purchased a quart of whiskey from appellant's brother, and, as he left the place, he met appellant returning home. At the request of the sheriff he again went to the house, and there purchased another quart of whiskey from appellant, and made arrangements with appellant to deliver several gallons of whiskey to witness at a dance to be held that night in the neighborhood.

According to the testimony of Bailey, he went to the dance that night, and appellant reported to him that he had the whiskey for delivery in a fence corner near the place where they were having the dance, but that when appellant and the witness started to get the whiskey the sheriff attempted to arrest appellant, who ran away and made his escape.

The sheriff testified that he went back to the home of appellant, or rather to the home of the latter's father, and searched the premises, and found whiskey secreted there.

Error of the court is assigned in permitting the sheriff to testify, over appellant's objection, about finding the whiskey at the home of appellant's father. This

assignment, however, overlooks the important fact that this was also the home of appellant, and the State was entitled to prove, as a circumstance in the case, the fact that whiskey was kept there on the premises. The whiskey was found in the smokehouse at the home of appellant's father, and the proof shows that appellant lived there and was making a crop with his father at the time this occurred.

Next there is an assignment in the motion for a new trial that the court erred in permitting Sheriff Bartlett to testify that he had been informed that appellant and his people were selling whiskey. The assignment is broader than the record justifies, for the court did not permit the sheriff to testify to that effect, but merely allowed him to state, as a reason why he went out to appellant's home, that he had received information that whiskey was being sold there. This was competent in explanation of the reason for the presence of the sheriff at that place.

There are other objections to the admission of testimony, but the rulings of the court were so clearly correct that they do not call for a discussion in this opinion. Suffice it to say that there was evidence to sustain the verdict, and there is no error found in the proceedings, so the judgment must be affirmed, and it is so ordered.