ROACH *v.* STATE.

Opinion delivered June 24, 1929.

*Fred A. Isgrig* and *Philip McNemer,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellant and one William Neighbors were jointly charged in separate indictments for manufacturing intoxicating liquor and possessing a still. Neighbors pleaded guilty, and assumed all responsibility for both offenses. Appellant was tried on both indictments, acquitted of possessing a still, convicted of manufacturing liquor, and sentenced to one year in the penitentiary.

The only error urged for a reversal of the case is that the court should have instructed a verdict in his favor because of the lack of any substantial evidence to support a conviction. In determining this question we must view the evidence in its most favorable light to the State, and, when this is done, if there is any substantial evidence to support the verdict, it must stand. Counsel concede this well established rule, but say there is no evidence to support the verdict.

Only one witness testified for the State, Dave Brown, a prohibition officer, who arrested appellant and Neighbors at the still, with other officers. This witness and the other officers found appellant and Neighbors at the still, which was of about one hundred gallons capacity, and in full operation. About twenty gallons of whiskey had been made that morning. The officers left their car about two miles south of the still, and followed car tracks through a back road, and, when in about 300 yards of the still, they heard some one chopping wood. They moved in a little closer, got where they could see the still, and could see two persons moving about there, splitting wood and talking. They watched them some time, but, on account of the thicket intervening, were unable to tell exactly what any one was doing. Then finally decided to go on down and arrest them, and, when they got in about 20 steps of the still, Neighbors saw them, and started to run. The witness Brown started after Neighbors, and as he passed the still he heard a noise, something that attracted his attention, and looked and saw appellant standing to his right, by the side of a block of wood that had been sawed off of a log about 40 steps from the still,

the same kind of wood they were using in firing the furnace. He didn't see appellant drop the block of wood, nor could the witness say what kind of noise it was that attracted his attention, but, when he heard the noise, he looked, and saw appellant standing immediately beside this block of wood, about half way between the log from which it was sawed and the still. Witness further said: "They would split wood, and I heard them get water, but as to saying who did it, I can't say. I know the men were there moving about, and the still was in operation when I went up there."

Appellant told the officers that his wife had brought him out to the still that morning, and she went on to Little Rock; stated that he came out to get some whiskey, and that she was coming back for him. Witness Brown said he observed the car tracks coming in to the still made in the old mudholes, and that they were made by balloon tires with a certain kind of tread, all by the same car; that he later saw appellant's car, and that the tires on his car were apparently of the same tread or design as the tracks made in the mudholes through the woods. Appellant had his coat off when arrested at the still. The blocks of wood that had been cut from the old log had been cut with a saw, and were about a foot in diameter. A lot of trees had been cut down and sawed into blocks. The blocks would be carried to the still and split up there and used to fire up the furnace.

Neighbors denied that appellant, who did not testify, had any connection with the still. He stated on cross-examination, however, that, when appellant saw the officers coming, "he got up and ran up * * * walked up on the hill a little fast;" started running, and stopped at the block of wood heretofore mentioned. Also that he was going to give appellant a gallon jug to take the whiskey home in, for which he had come to the still. But it was shown that there was no jug at the still. This was sufficient to take the case to the jury, as from it, together with the testimony on behalf of appellant, it was a ques-

tion of fact for the jury to determine whether appellant was merely an innocent bystander or whether helping to operate the still. *Ellis* v. *State,* 172 Ark. 613, 290 S. W. 59; *Bright* v. *State,* 173 Ark. 1054, 294 S. W. 390; *Tuggle* v. *State,* 174 Ark. 156, 294 S. W. 385.

Judgment affirmed.