## CLARK AND TUTTLE *v.* STATE.

Opinion delivered November 4, 1929.

Hal L. Norwood, Attorney General, and *Robert F. Smith,* Assistant, for appellee.

KIRBY, J. This appeal is prosecuted from a judgment of conviction for the manufacture of intoxicating liquors, with a sentence of one year's imprisonment in the Boys' Industrial School.

The sheriff of Nevada County and some deputy sheriffs from Lafayette County, and a prohibition enforcement officer made a raid on a still in the south end of Nevada County. The sheriff had information about a still being in the vicinity, and went out the afternoon before and located it on Artie Clark's place. There being no one found at the still, and the mash appearing about ready to be run, the officers decided to leave, and return the next morning. Upon their arrival next morning the still was in operation, and the two boys, appellants, were caught there, with Bo Smith, a negro. "It was a one-barrel outfit, and full of mash, and cooking at the time." A small amount of whiskey had been made, and some whiskey was dripping out from the worm. Eleven barrels of mash were found, and one of the boys was carrying a bucket when first seen, and the two boys were only 10 or 12 feet from the still, which was of such capacity that one man might have been able to operate it.

The appellant Clark was the son of Artie Clark, and lived with him, about 250 yards from the still. The Tuttle boy was Artie Clark's brother-in-law, and lived with him, and had the bucket, and was within four or five feet of the still when discovered by the officers. The still was in the open, and could be seen for 50 yards in any direction. The officers went on to the house of Artie Clark, and found three sacks of sugar, two sacks of shorts, a roll of copper sheeting and a ten-gallon keg that had six or seven gallons of liquor in it. Whiskey can be made with shorts and sugar, the sheriff testified. One of the boys, who had started back up the trail upon the appearance of the officers, had a soldering iron in his hand, and the other had a bottle of acid. The still was made of copper sheeting, and it held about 60 gallons.

The negro, Bo Smith, lived on Artie Clark's place, attempted to assume the entire responsibility for manu-

facturing the whiskey, which he said he was doing by himself, without any assistance from the boys, upon a still that belonged to him, and that he had pleaded guilty for making the whiskey.

The boys stated that they had been sent for the cows that morning, and, when they were returning, Smith whistled and motioned to them to come down, and borrowed a knife from one of them. They were not there over fifteen minutes. Neither of them had a bucket in his hand, and they denied having a soldering iron or acid, and that they had anything to do with the still or any knowledge of the materials, the shorts, sugar and whiskey found at the house. The Tuttle boy was 16 years old and the other boy 14.

The boys were corroborated by the other members of the family about having been sent for the cows, but the officers stated that the cows were being milked when they took the boys back to the house after their arrest. From the appearance of the still and the location, the officers thought it had been operated there for some time.

No brief was filed for appellants. It is only complained that the verdict is contrary to the evidence, and that the court erred in admitting the testimony of the witnesses to the finding of the materials out of which whiskey could be made, the sugar, shorts, sheet copper and the whiskey, at the home of Artie Clark, where the boys lived.

No error was committed in admitting the testimony of the officers showing the discovery of the materials for making the whiskey, the copper sheeting and the keg of whiskey in the house where appellants were living. It was a question of fact for the jury to determine whether appellants were merely innocent bystanders at the still or helping to operate it in the manufacture of the whiskey, and they have determined it against appellants upon testimony sufficient to support the conviction. *Roach* v. *State,* 179 Ark. 1155, 19 S. W. (2d) 1009.

The judgment is affirmed.