ROBINETT v. STATE.

Opinion delivered January 20, 1930.

874

*Earl Blansett,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Benton County for the crime of manufacturing mash, and, as a punishment therefor, was adjudged to serve a term of one year in the State penitentiary, from which judgment an appeal has been duly prosecuted to this court.

Appellant's first assignment of error for a reversal of the judgment is that there is no substantial evidence to support the verdict and judgment. The testimony introduced by appellee was entirely circumstantial and, viewed in its light most favorable to the State, is in substance as follows: At the time of his arrest appellant had resided for two weeks upon a place leased from the owner by his father, Oscar Robinett. The sheriff, Edgar Fields, learned that a still was being operated thereon by him, and in company with Jack Walker, the constable of the township, and several others, went on to the place and found a distilling outfit complete and several barrels of mash about ready to be cooked, in a thicket near a spring about 150 yards from the house in which appellant resided. A cooker with ashes under it was near the mash. Also two jugs containing a little whiskey. A plain pathway led from the still to the house, and in following it the officers found two other jugs which had contained whiskey, another cooker and holes in the ground where kegs or barrels had apparently been buried. At the house they found a lot of bottles of different sizes and four or five jugs which had contained whiskey. They arrested appellant who neither denied or affirmed that he had any connection with the still. Although appellant testified that he was not the owner of the still and had no knowledge

of its existence and no connection with its operation, and showed by other witnesses that plain pathways led from the still to the home of appellant's father about one-half mile distant and to other homes in the neighborhood, the circumstances detailed above are sufficient to support the verdict of the jury and consequent judgment of the court. It cannot be said, as argued, that these facts did not tend to connect appellant with the operation of the still. It is hardly conceivable that a still could have been operated on appellant's place within a few hundred yards of his house without his knowledge of its existence and without any complicity on his part in the operation thereof, especially in view of the fact that a well-beaten pathway led from the house, where bottles of various sizes and whiskey jugs were found, to the still which had been recently operated and where four barrels of mash were ready to be run or cooked. The whole situation strongly tended to connect him with the still and the operation thereof and was sufficient to sustain the jury's verdict to that effect.

Appellant's second assignment of error for a reversal of the judgment was the refusal of the trial court to grant him a new trial because, after the trial, it was ascertained by measurement that the still was found to be 380 2/3 yards from appellant's home instead of 150 to 160 yards as testified to by the State's witnesses. This assignment of error is untenable for several reasons.

First, the assignment of error was set out in the motion for a new trial without being accompanied by an affidavit. It was not a part of the bill of exceptions and could not be incorporated therein by merely including it without proper affidavit in the motion for a new trial.

Second, no diligence was shown to discover the exact distance of the still from the house before the trial. By proper diligence the measurement could have been made before the trial began. It is argued that appellant did not know that the distance of the still from the house would become a material issue until it was made in the course of the trial. This did not excuse him from mak-

ing the measurement in reasonable anticipation that the nearness of the still to his house might become an issue.

Appellant's third and last assignment of error for a reversal of the judgment is that on cross-examination of, Oscar Robinett, the father of appellant, the prosecuting attorney, over appellant's objection, was allowed to ask him whether he had not made the following statement to Jess Mutrey, a lad who wanted to pick blackberries on the place in question: "My business is my business and your business is your business, and you can only go a certain distance down there. I will get the rest of the berries." The witness, Oscar Robinett, answered this question in the negative. The prosecuting attorney then introduced Jess Mutrey who testified that Oscar Robinett made such a statement to him. The prosecuting attorney asked the question and introduced Mutrey to contradict Robinett for the purpose of testing his credibility as a witness. We think it was admissible for that purpose. Appellant argues, however, that in admitting this testimony the court's remark in doing so was prejudicial to appellant. The court said, in admitting the evidence, over appellant's objection, that "You should not consider it against the defendant (appellant) in any shape, form or fashion unless you believe from the proof that his father was mixed up with him in the manufacture of the liquor." It is argued that the remark was gratuitous, without any evidence upon which to base such a remark and necessarily prejudicial as indicating that the court believed that appellant's father had perhaps been a party to operating the still in connection with appellant. Learned counsel for appellant is mistaken in his statement that there was no evidence tending to show that Oscar Robinett was connected with the manufacture or making the mash. The still was located on a place which Oscar Robinett had leased from the owner and the proof reflected that a well-defined pathway led from the still to his home, anywhere from one-fourth to one-half mile distant from the still. In view of this testimony we do not think the remark of the court was improper. It was really a cautionary remark to the jury not to consider the testimony

of Oscar Robinett at all unless they should find that he was associated with appellant in the manufacture of mash, and was favorable to appellant.

No error appearing, the judgment is affirmed.