RIDENOUR v. STATE.

Opinion delivered October 26, 1931.

476

*Rains & Spinks*, for appellant.

*Hal L. Norwood*, Attorney General, and *Pat Mehaffy*, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried, and convicted in the circuit court of Crawford County for possessing a still, and was adjudged to serve a term of one year in the State penitentiary as a punishment therefor, from which is this appeal.

The first assignment of error urged for a reversal of the judgment is the want of evidence to support the verdict. The evidence introduced by the State was to the effect that the sheriff and deputy sheriff of Crawford County procured a search warrant and proceeded to appellant's home near Tip Top Tavern, close to the line

between Washington and Crawford counties, and found a keg and quart of whiskey in his house and a still in a southeasterly direction therefrom, about one-quarter of a mile distant. At the still they found a pint of whiskey, the color of that they found at the house and a barrel of mash. As they approached the house, and about the time the sheriff was entering the front door, the deputy started around to the back door, where he met appellant and ordered him to sit down. He refused to do it and followed the sheriff into the house where some words were passed between them. Appellant's wife seemed disconcerted and started into the room where the sheriff found the keg and quart of whiskey. Under the rule announced in the case of *Robinett* v. *State*, 180 Ark. 873, 23 S. W. (2d) 627, the evidence detailed above is sufficient to sustain the verdict of the jury finding that appellant possessed the still seized by the sheriff.

The next assignment of error urged for a reversal of the judgment is that the State failed to prove that the still was located in Crawford County. It is true that no witness said in so many words that it was located in Crawford County, but one of appellant's witnesses testified on cross-examination that he was shown where the still was seized, and that the place shown him was land in Crawford County that he was employed to look after by St. Louis & San Francisco Railroad Company; that in the performance of his duty, he had surveyed the land. He was the surveyor of Crawford County. This circumstance was sufficient to establish the venue under the rule announced frequently by this court that the venue in criminal cases might be proved by circumstantial evidence. *Wilder* v. *State*, 29 Ark. 293; *King* v. *State*, 110 Ark. 595, 162 S. W. 1087; *Spivey* v. *State*, 133 Ark. 314, 198 S. W. 101.

The next assignment of error urged for a reversal of the judgment is that the court allowed the sheriff to act as prosecuting attorney in the case. We are unable to find anything in the record indicating that the sheriff usurped the duties devolving upon the prosecuting at-

torney. The most that he did was to divulge information concerning the case to the prosecuting attorney.

The next assignment of error urged for a reversal of the judgment is that the court allowed the prosecuting attorney to ask Frank Price on cross-examination whether he drank liquor. This was an improper question, but, answered as it was, could not possibly have prejudiced appellant. The witness responded that he drank occasionally, but that he never obtained any liquor from appellant. An admission that he took an occasional drink in no wise affected his credibility as a witness, and the effect of his answer was to forestall any inference that appellant furnished him liquor to drink.

The next assignment of error for a reversal of the judgment is that the court allowed the State to prove that a keg and quart of liquor were found in appellant's house. This was admissible as a circumstance tending to show whether appellant was engaged in the liquor business and the owner of the still seized by the sheriff near his home. *Sexton* v. *State,* 155 Ark. 441, 244 S. W. 710; *Tuttle* v. *State,* 180 Ark. 285, 21 S. W. (2d) 188.

The next assignment of error urged for a reversal of the judgment is that the prosecuting attorney was permitted in the argument to misquote witness Huey's evidence relative to whether the trail leading to appellant's house from the still was plainer than trails leading to other homes in the neighborhood. Even if the prosecuting attorney had misquoted the evidence of said witness, there is no showing that his version of it influenced any juror. The jurors heard the several witnesses themselves, and, knowing that to which they testified, could not have been misled by incorrect rehearsals of their testimonies by the prosecuting attorney. If it had been definitely shown that the juror or any juror was misled by the argument in reaching an adverse finding to appellant, then it might reasonably be contended that appellant was prejudiced by the argument, otherwise not. No such showing was attempted in the record.

The next assignment of error urged for a reversal of the judgment is that the court did not instruct the jury that the failure of appellant to testify should not be considered as a circumstance against him. Appellant made no request to that effect. He should have requested a correct instruction on the point, and, not having done so, is in no position to complain on account of this omission. *Lowmack* v. *State,* 178 Ark. 928, 12 S. W. (2d) 909.

The next assignment of error urged for a reversal of the judgment was the trial court's refusal to give appellant's requested instructions Nos. 2 and 3. Both instructions were covered by instructions given by the court to the effect that appellant should be acquitted unless proved guilty beyond a reasonable doubt of possessing a still.

The next assignment of error for a reversal of the judgment is the court's refusal to give appellant's requested instructions 4, 5 and 6 on circumstantial evidence. This court has ruled that the refusal to give any instructions on circumstantial evidence where the case depends wholly upon such evidence is not error if he had already fully and correctly instructed the jury on the credibility of witnesses, the weight of evidence, the presumption of innocence, and reasonable doubt. *Barton* v. *State,* 175 Ark. 120, 298 S. W. 867; *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d) 946.

The next assignment of error urged for a reversal of the judgment is the refusal of the court to give appellant's requested instruction No. 7 to the effect that, unless there is other proof than the finding of a quantity of liquor in appellant's home tending to connect him with the still, such testimony should not be considered by them. This court has ruled in a number of cases that the finding of liquor in the home of one accused of violating liquor laws is admissible as a circumstance tending to show the commission of the crime. *Marsh* v. *State,* 146 Ark. 77, 255 S. W. 7; *Robertson* v. *State,* 148 Ark. 585, 231 S. W. 865; *Clark and Tuttle* v. *State,* 180 Ark. 285, 21 S. W. (2d) 188.

No error appearing, the judgment is affirmed.