SHANK *v.* STATE.

Crim. 3878

Opinion delivered May 14, 1934.

*W. T. Pate, Jr., Jehu J. Crow, Ben M. McCray* and *N. A. McDaniel,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

KIRBY, J., (after stating the facts). There are eighty-three assignments of error in the motion for a new trial, many of which are unimportant, and we only notice such as are insisted upon by appellant.

First, it is insisted that the trial court erred in calling jurors who had been summoned to serve on a previous case after the regular panel had been exhausted, it being claimed that the prospective jurors should have been summoned from the bystanders in accordance with the statute, § 3154, Crawford & Moses' Digest. An accused person has no right to the services of a particular

juror but only to a trial before a fair and impartial jury. The trial court has wide discretion in summoning special veniremen, and the fact that these particular eight jurors had been summoned before the appellant's trial began did not constitute error. *Pate* v. *State,* 152 Ark. 553, 239 S. W. 27; *Sullivan* v. *State,* 163 Ark. 11, 258 S. W. 643.

It is next insisted that the examination of the juror, J. R. Haynes, disclosed that he was incompetent, having answered the question: "Q. Would the fact that he is charged with this sort of crime have any effect on you? A. It would to some extent." The record of this juror's examination on his *voir dire* showed that he stated several times that he could and would go into the jury box with an open mind and free from prejudice and try the case solely upon the evidence and the law. The fact that the juror might have been prejudiced against the particular type of crime of which appellant stood charged did not in itself disqualify him. *Tong* v. *State,* 169 Ark. 708, 276 S. W. 1004; *Cabe* v. *State,* 182 Ark. 49, 30 S. W. (2d) 855.

The assignment that error was committed in admitting portions of depositions of certain witnesses, naming them, taken in Ohio on appellant's behalf, is without merit. The depositions were introduced by appellant, and the court was not asked at the time to rule upon their admissibility. It is true that at the beginning of the trial appellant asked the court to rule on the admissibility of certain of the depositions after they were introduced, and the court refused to do so at the time. During the course of the trial appellant introduced the depositions in full without asking for any further ruling and without any being made. There must, however, be a ruling of the court and an objection before error can be predicated. *Howell* v. *State,* 180 Ark. 241, 22 S. W. (2d) 47.

It is next urged that it was error to permit Dr. Hodges to testify concerning the condition of the little boy whose life was saved. The doctor testified that the boy had been poisoned with strychnine about the same time and place as the others, and described the symptoms; and it was competent to show that he had been poisoned at the same time and place as the others as merely a

part of one transaction. *Banks* v. *State,* 187 Ark. 962, 63 S. W. (2d) 518.

It is urged that the admission of the testimony of Mrs. Elsie Fox constituted error. No objection was made to her direct examination. It developed, however, on cross-examination that her testimony was largely hearsay, and the court, at the request of appellant, instructed the jury not to consider that part of her testimony which was hearsay. The appellant had brought out part of the incompetent testimony and made no objection to that part elicited by the State. His motion to exclude that part of the testimony was addressed to the discretion of the court, and there was no abuse of discretion in the ruling thereon. *Bell* v. *State,* 120 Ark. 530, syllabus 12, 180 S. W. 186.

Neither was it error to allow the witness, Crutchfield, to answer the question asked by the prosecution as to whether or not he had information that appellant was implicated in the theft of certain papers from his office. Crutchfield was the prosecuting attorney of Wayne County, Ohio; and appellant stated in his confession that he was being implicated in that theft; and the State was contending that the implication of appellant in the crime in Ohio was the moving cause or factor in appellant's trip to Arkansas, and the poisoning of the Colley family. It was only asked for the purpose of affording an explanation as to why an official was following a certain line of investigation and is admissible both as such and as tending to show a motive for the homicide. *Turner* v. *State,* 155 Ark. 443, 277 S. W. 727; *Sexton* v. *State,* 155 Ark. 441, 244 S. W. 710; *March* v. *State,* 183 Ark. 1, 34 S. W. (2d) 767.

Neither was error committed in refusing to allow the witness, Dr. Brown, to answer the question giving an explanation that appellant was suffering with such mental disease as rendered him irresponsible. The question was not a proper one to ask an expert witness. Underhill on Criminal Evidence, 3 ed., §§ 267-68. Neither was it necessary that the question asked this witness by the prosecuting attorney on cross-examination contain all the undis-

puted facts essential to the issue.█ Underhill on Criminal Evidence, (3 ed.) § 191.

No error was committed in allowing the witness, Joe Wakelin, to testify relative to a conversation with Dr. Echols, an expert witness, who had detailed his examination of appellant upon which he based an opinion that he was insane. It appears that Dr. Echols had been asked concerning this conversation with Wakelin, and he testified that appellant was insane. Wakelin's testimony was competent to show that the doctor had made a previous contradictory statement indicating that he thought appellant was sane. *Floyd* v. *State,* 181 Ark. 185, 25 S. W. (2d) 766.

No error was committed in overruling appellant's motion for a continuance on account of the absence of two witnesses whose testimony it was alleged was essential to a proper defense of the cause. The names of the witnesses were not set out in the motion, and it was not indicated how or when their attendance might be procured and they were to be used as nonexpert witnesses concerning appellant's insanity. Such evidence was merely cumulative to the evidence already offered, conceding that the witnesses would testify as set out in the motion. The motion, however, was not in statutory form, it not being stated therein that appellant believed the testimony of the absent witnesses to be true. Sections 1220 and 3130, Crawford & Moses' Digest; *Estes* v. *State,* 180 Ark. 656, 22 S. W. (2d) 172; *Weaver* v. *State,* 185 Ark.

147, 46 S. W. (2d) 37; *Lynch* v. *State,* 188 Ark. 831, 67 S. W. (2d) 1011.

It is urged that the court erred in giving instructions numbered 11, 11½ and 12, it being claimed there was no evidence in the record to support same. There is evidence in the record to support these instructions found in appellant's confession; and they are correct declarations of law. *Bell* v. *State,* 120 Ark. 530, at page 555, 180 S. W. 186. Instruction No. 13, objected to, is also a correct declaration of law. *Id.* page 553. Instruction No. 14, complained of, was not erroneous, the jury having the right to consider appellant's actions before and after the crime and his appearance at the trial in determining his sanity, that question being before the jury. Underhill on Criminal Evidence, 3 ed., §§ 261-62. Appellant's requested instruction No. 13 was properly refused. *Payne* v. *State,* 177 Ark. 413, 6 S. W. (2d) 832; *Wawak and Vaught* v. *State,* 170 Ark. 329, 279 S. W. 997.

Appellant's requested instruction No. 16, relative to the weight to be given the testimony of the officers testifying, was fully covered by instruction No. 22, given; and the credibility of particular witnesses and the weight to be given their testimony should not be emphasized in separate instructions, any way. *Nichols* v. *State,* 182 Ark. 309, 31 S. W. (2d) 527. Both instructions No. 16 and No. 22 should have been refused; and instruction No. 17 was fully covered by instructions No. 12 and No. 20, given, all of which should have been refused for the same reason as assigned for the refusal to give appellant's requested instruction No. 13 already discussed. Appellant's requested instruction No. 17B was fully covered by instructions No. 15 and No. 19, given. No error was committed herein under the familiar rule that instructions should be considered as a whole, and that the trial court is not required to repeat instructions.

It is finally insisted that certain remarks of the prosecuting attorney herein constituted error. The prosecuting attorney in his argument said: "He is guilty. I know it, and you know it, and the defendant knows it." The cases of *Hughes* v. *State,* 154 Ark. 621, 243 S. W. 70, and

*Sanders* v. *State,* 175 Ark. 61, 296 S. W. 70, are cited in support of this contention. These cases are sharply differentiated from the present case, the Hughes case being reversed because of the statement of the prosecuting attorney that he knew that the defendant was guilty because he had information that no one else had; and the Sanders case was reversed for the same reason. No inference of the kind can be drawn from the statement of the prosecuting attorney herein complained of. He also said directly to the jury that he based his opinion upon the evidence introduced in the trial, and told them that they had the same opportunity as he had to reach the conclusion, and, if he had reached the wrong conclusion, they could disregard it. He was not concealing anything from the jury or indicating that he had any knowledge or evidence in the case which was not before them. The expression of an opinion by a prosecuting attorney on the evidence does not constitute a reversible error. *McGraw* v. *State,* 184 Ark. 342, 42 S. W. (2d) 373.

Objection was made to the introduction of appellant's confession on the ground that it was not freely and voluntarily made. No exceptions were saved to the ruling on this question, nor was it made a ground in the motion for a new trial. The question of its admissibility, however, was properly raised in the lower court, and it must be considered here without regard to whether exceptions were saved to its introduction and the ruling thereon. *Harding* v. *State,* 94 Ark. 65, 126 S. W. 90. The confession was introduced during the examination of Congressman D. D. Glover, who, together with witnesses Wakelin, Rucker and Buckalew, testified that the confession was made of appellant's own free will and accord, that it was entirely voluntary and made without any threats, intimidation or hope of reward. There is, in fact, no conflict in the evidence as to whether the statement was voluntarily made, and it was properly admitted over appellant's objection. *Allen* v. *State,* 175 Ark. 264, 298 S. W. 993.

The evidence in this case is conclusive that appellant administered poison to the Colley family in Saline County, Arkansas, on the 15th day of August, 1933, which act

caused the death of Alvin Colley, his wife and two of his children. Much testimony was introduced on appellant's part tending to show his insanity; but evidence was introduced on the part of the State tending to prove his sanity; and the question was settled by the jury upon substantial evidence, and their finding cannot be disturbed on appeal.

There are many other assignments of error which are not considered here, as reversible error could not be predicated upon any of them. The issues appear to have been fully and fairly presented to the court and appellant to have received a fair and impartial trial. We find no reversible errors in the record, and the judgment is affirmed.