## POUNDERS v. THE STATE.

1. EVIDENCE: *Of age from family Bible.*
    In a prosecution for the sale of liquor to a minor, the alleged minor may testify of his age from the record of his birth in the family Bible.

2. SAME: *Record excluded must be in bill of exceptions.*
    When the record of another court, excluded as evidence in the trial of a cause, is not incorporated in, or made part of, the bill of exceptions, this Court can not tell the grounds for its exclusion, and will presume that it was excluded for sufficient cause.

3. LIQUOR: *Selling to minors.*
    That a minor is carrying on business for himself, will not justify a sale of liquor to him without the written consent or order of his parents or guardian.

4. SAME: *Same: Burden of proof of consent.*

In prosecutions for selling liquor to minors without the written consent or order of the parent or guardian, the burden of proving the consent is upon the defendant.

5. SAME: *Same: Ignorance of age no excuse.*

Ignorance of the minor's age, and the honest belief that he was adult, afford no justification for the sale of liquor to him without the parent's or guardian's consent. The seller sells to him at his peril

ERROR to *Lincoln* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

#### STATEMENT.

James H. Pounders was indicted in August, 1881, in the Circuit Court of Lincoln county, for selling whisky to a minor without the written consent of his parents or guardian,

Upon the trial the State proved by Hardy Morgan, the minor, that the defendant sold whisky to him, as charged in the indictment; and, against the defendant's objections, he was permitted to testify of his age, from the record of his birth in the family Bible, which showed him to be a minor. He had no father or guardian, but his mother was living. The defendant asked that the witness' testimony from the family Bible be excluded, but the court refused to exclude it.

The defendant then asked the witness the following questions: "Are you now transacting business on your own own account? How do you conduct your business in Tyro, in Lincoln county? In such manner as to lead persons to believe you were acting for yourself, and not under authority?" But the court refused to allow the questions to be answered, announcing, in the hearing of the jury, that if the witness was, in fact, a minor, and the defendant sold

him whisky, it was immaterial whether he had knowledge of the fact whether he was a minor or not. He must know, at his peril, that the party to whom he sold was authorized to buy. The State also proved the sale of whisky to the minor, by Jefferson Brown.

The defendant offered no evidence except the record of the Probate Court of Lincoln county, removing the disability of minority of Hardy Morgan, which the Circuit Court refused to admit, and the defendant excepted.

The court instructed the jury, in substance, that if they found, from the evidence, that the defendant sold whisky to Hardy Morgan, in Lincoln county, within one year next before the finding of the indictment; that Morgan was, at the time, under the age of twenty-one years; and the defendant had not the written consent or order of Morgan's parent or guardian to sell him the whisky, they would find him guilty; that it was immaterial whether the defendant knew that Morgan was a minor or not, if he was, at the time, in fact, a minor.

The jury found him guilty, and, after motion for new trial overruled, he filed his bill of exceptions and brought error.

*J. M. Cunningham*, for appellant:

The evidence of Morgan was incompetent to prove his own age. The record in the family Bible was insufficient, even if it had been produced; being no proof of his identity. 1 *Greenleaf Ev.*, 82, 493. There was no proof that the entry was made by a deceased parent or relation. *Kelly's heirs* v. *McGuire*, 15 *Ark.*, 601–5.

There was no proof that the sale was made without the consent of parent or guardian. This was a material averment and must be proved. The minor's mother was not made a witness, nor her absence accounted for.

26—37

The order of the Probate Court removing Morgan's disabilities was improperly excluded.

*C. B. Moore, Attorney-General,* for the State.

The court properly excluded the evidence that the minor's disabilities had been removed, and that he had been engaged in business on his own account.

### OPINION.

HARRISON, J.   Morgan, to whom the liquor was sold, was a competent witness to prove his own age, and there was no error in permitting him to testify thereto, although his only knowledge of the date of his birth was derived from the family Bible.   *Edgar* v. *The State, ante.* 219.

As the record of the proceedings in the Probate Court, for the removal of Morgan's disabilities as a minor, was not incorporated in, or made part of, the bill of exceptions, we are unable to know upon what ground it was excluded from the jury; and passing by any consideration as to whether the subject-matter is within the jurisdiction of the Probate Court, and as to which we express no opinion, we must presume it was excluded for a sufficient cause.

The statute makes no exception as to minors who are working for themselves, or transacting business on their own account.   The court, therefore, properly refused to allow the witness to answer the questions asked him by the defendant.

The burden of proving the written consent or order of the parent or guardian was on the defendant.   *Edgar* v. *The State, Supra; Williams* v. *The State,* 36 *Ark.,* 430.

Ignorance of the fact that he was not of age, and the understanding or honest belief of the defendant, when he sold him the liquor, that he was, was not an excuse or justification.   He sold it at his peril.   *Edgar* v. *The State,*

*Supra.; Crampton* v. *The State, ante.* 108; *Redmond* v. *The State,* 36 *Ark.,* 58.

There was no error in the instructions, and the verdict ·was sustained by the evidence.

Affirmed.