QUINN, BEST AND KEEL *v.* STATE.

Opinion delivered June 22, 1914.

1. CRIMINAL LAW—CONVICTION FOR LESSER CRIME.—Upon an indictment for a felony, the accused may be convicted of a misdemeanor, where both offenses belong to the same generic class, and when the commission of the higher may involve the commission of the

lower offense, and when the indictment for the higher offense contains all the substantive allegations necessary to let in proof of the misdemeanor.

2. ASSAULT—SUFFICIENCY OF INDICTMENT.—The allegations of an indictment charging assault with intent to kill, *held* sufficient to embrace all the essentials of the offense of aggravated assault, and to warrant a conviction for the latter crime.

3. ASSAULT—SUFFICIENCY OF EVIDENCE.—Where defendants were indicted for the crime of assault with intent to kill, evidence held sufficient to warrant a finding of guilty of an aggravated assault.

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; affirmed.

*Phillips, Hillhouse & Boyce,* for appellants.

The indictment does not charge the necessary elements of an aggravated assault. Kirby's Digest, § 1587; 41 Ark. 350; 100 Ark. 195. Instruction No. 11 was prejudicial error.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. Rule 9 has not been complied with. 4 Crawf. Dig., p. 60, § 73-a.

2. The question of aggravated assault was properly submitted to the jury on the evidence. One charged with assault with intent to kill may be convicted of aggravated or simple assault, or assault and battery. 76 Ark. 366; 89 *Id.* 213-217; 53 *Id.* 34; 22 Cyc. Ind. and Inf., p. 474, note 14; 27 Cent. Dig., Ind. and Inf., § 586.

McCulloch, C. J. The three appellants were jointly indicted by the grand jury of Jackson County for the crime of assault with intent to kill, and on trial of the case, they were convicted of aggravated assault, a misdemeanor.

It is charged in the indictment that appellants "unlawfully, wilfully and feloniously, and with malice aforethought, and after deliberation and premeditation, did make an assault upon the person of a certain negro sometimes called 'Slim,' but whose Christian and surname is unknown to the grand jury, with a deadly weapon, namely, a gun, by then and there shooting the said 'Slim'

\* \* \* with a gun then and there loaded with gunpowder and leaden bullets \* \* \* with intent then and there to kill and murder him,'' the said person named.

The first contention is that the allegations of the indictment are not sufficient to describe the offense of aggravated assault, and that there could be no conviction for that offense under the indictment.

The statute defining aggravated assault reads as follows:

''If any person assault another with a deadly weapon, instrument or other thing, with an intent to inflict upon the person of another a bodily injury where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant disposition, he shall be adjudged guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than fifty, nor exceeding one thousand dollars, and imprisoned not exceeding one year.'' Kirby's Digest, § 1587.

(1)   In the early case of *Cameron* v. *State,* 13 Ark. 712, it was held ''that, upon an indictment for a felony, the accused may be convicted of a misdemeanor, where both offenses belong to the same generic class, where the commission of the higher may involve the commission of the lower offense, and where the indictment for the higher offense contains all the substantive allegations necessary to let in proof of the misdemeanor.''

It is insisted that the indictment does not describe the offense of aggravated assault, because it contains no allegation that there was no considerable provocation, or that the circumstances of the assault showed an abandoned and malignant disposition.

This court held, in *Guest* v. *State,* 19 Ark. 405, that under an indictment for maiming, the defendant might be convicted of aggravated assault, the two offenses being of the same generic class, and the former including the latter.

The court has in many cases held that under an indictment for murder, the accused could be convicted of

manslaughter. *McPherson* v. *State,* 29 Ark. 225; *Brown* v. *State,* 34 Ark. 232; *Fagg* v. *State,* 50 Ark. 506.

There are many cases where, on examination of the testimony here, we have found it insufficient to support a conviction of murder, and have reduced the judgment to the lower degree of manslaughter. *Darden* v. *State,* 73 Ark. 315.

(2)   We think that the allegations of the indictment for assault with intent to kill and murder were suffi-. cient to embrace all the essentials of the offense of aggravated assault. The indictment alleges that the assault was made with a deadly weapon with intent to kill, which necessarily includes the charge that it was done to commit bodily injury. The allegation that the act was done ''with malice aforethought, and after deliberation and premeditation,'' constitutes a negation of the fact that there was considerable provocation.

It is also insisted that the evidence is insufficient to warrant the conviction of appellants for any offense.

One of the appellants was the contractor of the county convicts of Jackson County, and he maintained a stockade for the confinement of the prisoners on or near his farm in that county. The negro, 'Slim,' was a convict in custody of the contractor, and was treated as a trusty, being permitted to work as a servant around the contractor's dwelling. A lot of jewelry was missed from the dwelling, and the negro was accused of the theft. He was locked up in the stockade, and in the early part of the night, all three of the appellants, and another person, went to the stockade, handcuffed the negro and took him out and carried him down in the woods or thicket. When they returned to the house with the negro, he had been shot through the arm with a gun or pistol. The State proved by a convict that, when the negro was taken out of the stockade one of the appellants (the contractor himself), said to the negro, ''I will learn you how, you d— s— of a b—, to tell lies about things.'' There is testimony to the effect that this witness had not been convicted at that time, and was not in the stockade. That

made a question for the determination of the jury, and we must treat the testimony in the light most favorable to the State's side of the case. One of the members of the party had a Winchester rifle. Another witness stated that when the party returned to the house with the negro, they had pistols and guns in their hands, and there was a rope around the negro's neck. This was after the negro was shot in the arm. There was other testimony to the effect that several shots were fired while the party was down in the woods with the negro, that at the time of the shooting, the voices of the negro and some of the appellants were heard, and that somebody in the party said don't shoot any more, that his arm is broken.

The contention of appellants, as reflected by their testimony, was that the negro confessed to complicity in the theft, told where the jewelry was hidden, and was accompanying the party out to the place to show it to them, when he attempted to make his escape, was seized by one of the party, whose pistol fell out of his pocket during the scuffle, and was accidentally discharged, the bullet striking the negro's arm.

(3) Now, the testimony shows pretty clearly, we think, that there was no intention to kill the negro, and the jury properly acquitted the appellants of assault with intent to kill; but we are of the opinion that there is enough evidence to justify the jury in convicting the appellants of aggravated assault. The jury did not accept the theory of appellants as correct, but it is manifest from the verdict that the jury found that appellants, or some of them, fired shots at the negro without intent to kill him, but with intent to do him bodily harm. We will not undertake to determine for ourselves where the preponderance of the evidence lies, for it is sufficient to sustain the conviction here if we find evidence of a substantial nature tending to establish the essential elements of the offense of which appellants were convicted.

Our conclusion, therefore, is that the evidence sustains the conviction, and as there is no other assignment of error, the judgment must be affirmed.