TUGG v. STATE.

4324                                    174 S. W. 2d 374

Opinion delivered October 11, 1943.

162

H. C. *Rains*, for appellant.

*Guy E. Williams*, Attorney General and *Earl N. Williams*, Assistant Attorney General, for appellee.

SMITH, J. A sentence of one year in the penitentiary was imposed upon appellant on his trial for carnally knowing Gladys Scott, a female child under the age of 16 years, and from that judgment is this appeal.

For the reversal of this judgment it is earnestly insisted that the testimony is not legally sufficient to sustain the conviction, which rests upon the testimony of the girl and that of her mother.

It was shown that the girl's mother lived with appellant as his mistress, and that a child was thus begotten. A falling out had occurred, and it is insisted that this prosecution was the result of this disagreement.

These were, of course, questions of fact for the jury. The girl testified unequivocally that appellant had carnally known her on more than one occasion. This testimony, if believed, was, of course, sufficient to sustain the conviction.

There was no corroboration of the girl's testimony in this respect, but none was required, if her testimony was believed, as she was not an accomplice. *Bond* v. *State*, 63 Ark. 504, 39 S. W. 554, 53 Am. St. Rep. 129; *Waterman* v. *State*, 202 Ark. 935, 154 S. W. 2d 813.

It is insisted that there was not sufficient proof as to the girl's age, which should have been shown by her birth certificate, or by the records of the Bureau of Vital Statistics. These records would have been competent to prove the girl's age; but the testimony offered on that subject was also competent. The girl's mother testified

as to the age of her daughter; and this was competent testimony.

It was objected that it was error to permit the girl herself to testify as to her age; but not so. In Wharton's Criminal Evidence, 11th Ed., Vol. 1, § 470, it is said that the general rule, from which there seems to be but little dissent, recognizes the competency of a witness to give testimony as to his or her own age. In support of this statement two Arkansas cases are cited in the note to the text. These are: *Edgar* v. *State,* 37 Ark. 219; *Pounders* v. *State,* 37 Ark. 399.

The trial was held in April, and the girl testified that the last time appellant had sexual intercourse with her was the preceding summer. A physician testified that he had examined the girl, and that the condition of her hymen showed there had been a penetration, but not recently; but that she did not have, and there was no indication that she had ever had, gonorrhea. The physician was permitted to testify, without objection, that on March 24th, preceding the trial, appellant came to his office for a blood examination, claiming that he had gonorrhea, but that he had been treating himself, and the physician stated that he was unable to tell whether appellant had gonorrhea or not.

All this testimony was offered without objection. However, the question was later injected into the case and, this time, over appellant's objection and exception. Appellant had testified that he was approaching his 75th birthday, and that his sexual virility was impaired. He was asked: "Are you able to have intercourse?," and he answered, "Not at the present time," and was asked, "What is the reason?," and answered, "I don't know." He stated that he had last had sexual intercourse "About six months ago," at which time he contracted gonorrhea, and this was the testimony to which objection was made. He denied having had intercourse with the girl at any time.

We think the testimony was competent to refute the inference that appellant had not had intercourse with the girl about the time she stated the intercourse occurred on account of his sexual impotency.

An amendment to the motion for a new trial was filed in which it was assigned as error "That the Court erred in giving instructions Nos. 1 to 10, inclusive, of his own motion, over the objection and exception of the defendant at the time." This is what is called an exception *cn masse,* and the rule in regard to such an exception is that it will not be sustained if any of the included instructions correctly declares the law. *Darden* v. *State,* 73 Ark. 315, 84 S. W. 507; *Johnson* v. *State,* 84 Ark. 95, 104 S. W. 929; *Martin* v. *State,* 85 Ark. 130, 107 S. W. 380; *Brown* v. *State,* 165 Ark. 613, 262 S. W. 989.

No error in any of these instructions has been called to our attention, and several, at least, are the usual instructions given in felony cases which have been many times approved. This exception cannot, therefore, be sustained. We may say here, as was said by Justice BATTLE in the case of *Martin* v. *State, supra,* "The exception to the instructions was *en masse,* and one if not all of them being correct, was properly overruled. But an examination of them will show that no prejudicial error was committed in the giving of any of them."

No error appearing, the judgment must be affirmed, and it is so ordered.