RUFFIN *v.* STATE.

4361                                    182 S. W. 2d 673

Opinion delivered October 2, 1944.

*A. M. Coates,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

McFADDIN, J. This is an appeal from a misdemeanor conviction. The appellant was convicted of violating § 3479 of Pope's Digest, which is commonly known as the "Peace and Tranquility Statute." The evidence is uncontradicted. The prosecuting witness was a young lady 18 years of age, and the appellant, a mature man, was the janitor at the factory where the prosecuting witness was employed. He approached her at her place of work, and, in the hearing of another female employee, made to the prosecuting witness a proposition in part as follows: "I would give you ten dollars to take you out . . . I would take you out tonight and love you up, and I would give you ten dollars . . ."

The prosecuting witness had never noticed the appellant, and his proposition was a great surprise to her, and not only unwelcome but also entirely unpreceded by any act or indiscretion on her part that would have provoked such effrontery on the part of the appellant. She testified that the words of appellant were insulting to her and made her extremely nervous. He followed up his advances by again approaching the prosecuting witness that night after she left her work, and while she was waiting for a bus.

Appellant urges three grounds for reversal:

I. That appellant's motion for instructed verdict, of not guilty, should have been given.

II. That the verdict of the jury is contrary to the law, the evidence, and the law and the evidence.

III. That the court erred in instructing the jury.

I and II. We consider these assignments together, for there could have been no error in refusing to direct a verdict of acquittal, unless the facts, as disclosed by the evidence, failed to show a violation of the statute. *Roach* v. *State,* 179 Ark. 1155, 19 S. W. 2d 1009; *Wilson* v. *U. S.,* 77 Fed. 2d 236; West's Arkansas Digest, "Criminal Law," § 753. The trial court may direct a verdict only when the evidence raises no material question of fact for the jury's determination. *Paxton* v. *State,* 114 Ark. 393, 170 S. W. 80, Ann. Cas. 1916A 1239.

We copy so much of § 3479 as shows the ingredients of the offense charged: "If any person shall make use of any . . . insulting language toward another person . . . which language, in its common acceptation is calculated to arouse to anger the person . . . to whom it is spoken . . . or to cause a breach of the peace . . .", such person shall be guilty of a breach of the peace.

The question, therefore, was, whether the remarks of appellant to the prosecuting witness were (1) insulting, and (2) calculated, in their common acceptation, to arouse to anger the addressed person.

Was the language insulting? Surely, no one is so simple-minded as to fail to understand what was necessarily implied by the words "taking out and loving up" and paying ten dollars therefor. The implication from the language could not be misconstrued by persons of the ages involved in this case. So the jury had a right to find from the evidence that the "proposition" contained in the language was unmistakably an indecent proposal, even though couched in what might be thought by the proposer to be ambiguous language. See *Wiley* v. *State*, 10 Ala. App. 249, 65 So. 204. The jury could have reasonably found from the evidence that the language was insulting because it contained an indecent proposal.

Coming then to the question of whether the language, in its common acceptation, was calculated to arouse anger: in the case of *State* v. *Moser*, 33 Ark. 140, Chief Justice ENGLISH, speaking for this court in a case involving the same statute as here involved, said:

". . . and whether it (the language used) was calculated to arouse the anger of the person to whom it was addressed . . . would depend on the relations of the parties, the circumstances under which the language was used, the manner of the speaker, etc., which would be questions for a jury upon the trial."

So, here, it was a question for the jury as to whether the language used was, in its common acceptation, calculated to arouse to anger the person addressed. The jury

saw the prosecuting witness and observed her demeanor; and manner of testifying; the jury saw the defendant and observed his demeanor; and was, from all these matters and from the evidence in the case, able to ascertain whether the words, in their common acceptation, were calculated to arouse to anger the person addressed, or to cause a breach of the peace. There was substantial evidence to support the verdict of guilty; and there is no merit in assignments I and II.

III. THE INSTRUCTIONS. After the court concluded giving the instructions to the jury, counsel for appellant objected "to each and every one of same on the ground that the statute involved in this case does not apply." That was the only ground of objection. In the motion for new trial, the assignment about the instructions was only to the effect that the court erred in its instructions to the jury. The effect of the objection and, assignment was to present the question of whether the statute (§ 3479, Pope's Digest) applied to this case; and we have held in I and II, *supra,* that the statute did apply: so there is no merit in the assignment. Furthermore, the objection was *en masse,* and we have examined the instructions and find they are not open to an objection *en masse. Tugg* v. *State,* 206 Ark. 161, 174 S. W. 2d 374; *Darden* v. *State,* 73 Ark. 315, 84 S. W. 507; *Johnson* v. *State,* 84 Ark. 95, 104 S. W. 929; *Martin* v. *State,* 85 Ark. 130, 107 S. W. 380; *Brown* v. *State,* 165 Ark. 613, 272 S. W. 989.

The judgment of the circuit court is in all things affirmed.