KNIGHTEN v. STATE.

4409                                      195 S. W. 2d 47

Opinion delivered June 17, 1946.

*Shaver, Stewart & Jones,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

McHANEY, Justice. Appellant was charged by indictment with the crime of assault with intent to kill one Fred McGlothlin by shooting him with a gun. He was tried and convicted of aggravated assault, and his pun-

ishment was fixed at a fine of $500 and 60 days imprisonment in the county jail.

The assignments of error argued for a reversal of the judgment relate to the giving of certain instructions on the court's own motion, the modification and giving as modified instruction No. 10 requested by appellant, and the introduction of certain testimony over his objection and exception.

At the conclusion of all the testimony in the case, the court gave 15 instructions to the jury, to which there was no specific objection and no exception. After all the 15 instructions were given appellant made this objection and exception: "The defendant at this time objects generally to the instructions given by the court and excepts and asks that his exception be noted of record, which is accordingly done." Assuming that this objection was presented to and ruled upon by the court, which does not so appear, still it is an objection to the instructions *en masse* and if any one of them is good, the objection fails to present any error for review as to the others. *Ruffin* v. *State*, 207 Ark. 672, 182 S. W. 2d 673. Moreover, we have carefully examined all the instructions and find that they fully and fairly present the law on the charge of assault to kill and aggravated assault.

Appellant also urges error of the court in an instruction given to the jury after the argument of counsel, relating to the form of the verdict. The court told the jury to "first consider whether or not" appellant is guilty of assault with intent to kill, and set out a form of verdict if they so found him guilty with the limits of punishment they could impose. The court then charged: "If all of you cannot agree upon that verdict (assault to kill), then you will next consider whether or not he is guilty of aggravated assault," and set out a form of verdict with punishment limits. He then said: "If you find him guilty of aggravated assault and cannot agree upon a punishment, you may leave it to the court to fix his punishment. If you find the defendant not guilty on either charge, then you will say by your verdict, 'We, the

jury, find the defendant not guilty.' '' Appellant objected to that part of the above instruction which says: "If you find him guilty of aggravated assault and cannot agree upon a punishment, you may leave it to the court to fix his punishment," which was overruled and an exception was taken. Section 4070 of Pope's Digest provides: "When a jury find a verdict of guilty and fail to agree on the punishment to be inflicted . . . the court shall assess and declare the punishment and render judgment accordingly." The objection seems to be that the court should not have instructed them in advance of a disagreement as to the punishment, that they could leave it to the court. We think this objection is not well taken. In the recent case of *Underwood* v. *State,* 205 Ark. 864, 171 S. W. 2d 304, appellant there took the opposite view, that the court should have so instructed the jury before they retired, and not after they had disagreed as to the punishment. While the question was not there definitely decided the court said: "Since the case is to be reversed on other grounds, we deem it unnecessary to determine that question, but it may be well to observe in passing that in those cases where it appears that such an instruction is or may become necessary or proper, it is much the better practice for the court to give it before the jury first retires to consider its verdict." There are many cases holding that verdicts of guilty may be returned in which the punishment is left to the court. See *Link* v. *State,* 191 Ark. 304, 86 S. W. 2d 15; *Harrison* v. *State,* 200 Ark. 257, 138 S. W. 2d 785, and cases there cited. It appears, therefore, that the trial court literally followed what we said the better practice is.

Error is also urged in the modification and giving as modified appellant's requested instruction No. 10, in which the jury was told that if they believed from the evidence that, if death had resulted from the shooting, the appellant would have been guilty of only manslaughter, then he would not be guilty of assault to kill and they should acquit him of that charge. The court added to the request the words: "and consider his guilt or innocence of the crime of aggravated assault." We think this

modification was not error, but proper. The charge of aggravated assault is included in a charge of assault with intent to kill. *Quinn et al.* v. *State,* 114 Ark. 201, 169 S. W. 791; *Alford* v. *State,* 110 Ark. 300, 161 S. W. 497. So, if appellant was found not guilty of the higher offense of assault with intent to kill, it was then the duty of the jury to consider his guilt or innocence of the lesser offense of aggravated assault. This was the effect of instruction 15 given on the court's own motion.

It is finally urged as error the admission in evidence of the record of the District Court of McCurtain county, Oklahoma, showing that a decree of divorce had been granted appellant from his wife, Irene Knighten, in that court on January 24, 1945, prior to the shooting of Mc-Glothlin on December 28, 1945, and the substitution of a certified copy of said decree for the record itself, this on the ground that the record had not been properly authenticated under the Acts of Congress for admission in evidence as a foreign judgment in the courts of this state. Said decree of divorce was canceled and set aside by order of said Oklahoma court on January 9, 1946. The same facts were testified to by appellant and his wife, and we cannot see how the admission of certified copies of the divorce decree and that cancelling it was in any way prejudicial to appellant.

No error appearing, the judgment is affirmed.