Hardin *v.* State.

4814                                    284 S. W. 2d 111

Opinion delivered November 28, 1955.

*George F. Edwardes,* for appellant.

*Tom Gentry,* Attorney General of Arkansas, *Thorp Thomas,* Assistant Attorney General, for appellee.

J. Seaborn Holt, Associate Justice. A jury found Joe Hardin (appellant) guilty of second degree murder for killing Charles Brittain, but did not fix the penalty. Thereupon the court assessed his punishment as fifteen

(15) years in the State Penitentiary. This appeal followed.

## I.

For reversal appellant assigned sixteen alleged errors. Assignments 1, 2, 3, 4, 8 and Supplemental Assignments 2 and 4 cover the sufficiency of the evidence. We think, however, after reviewing the record that there was ample substantial testimony to support the jury's verdict. The facts were to the following effect: Willie Pearl Walker (an eye witness) testified in substance that August 26, 1954, she asked appellant if he had any whiskey and he said he did not. Later that same day, about 7 or 8 p.m., she along with Isaac Penny, Virgie Reed, Charles Brittain and two others (not identified) went to Hardin's home for whiskey. They found him there alone and remained for about an hour or two. Hardin produced some whiskey and they began drinking. During this time Hardin went into another room and on his return announced that someone had stolen his gun, whereupon, she and the victim, Brittain, went with Hardin to search for the gun. When they could not find it, Hardin directed her to call Isaac Penny and when she did so Isaac ran. Hardin then closed the door and told them they were not going to get out. Hardin then went into a back room, returned with a gun which he pointed at Brittain and said, "Your friend got out but you ain't going to get away." Brittain said, "I haven't got your gun." Hardin then fired and Brittain fell in a chair in the middle of the room. Brittain got up in a few minutes, stumbled, started into another room when Hardin fired again and hit him in the back. Before the last shot, Hardin struck Brittain on the side of the head with a whiskey jug, breaking the jug. When Hardin shot the second time Brittain fell.

Dr. C. H. Smith testified that the victim was brought to the emergency room of the hospital where he treated him for a gunshot wound in his back just left of the spine. "Q. Could you tell from the wound as to what type of instrument had made the wound? A. It appeared to be a shotgun. Q. What condition was he in at the time you examined him, or treated him? A. When I first saw

him, he was conscious and rational, but he lapsed into unconsciousness in just a few minutes. Q. What time of the night did you last attend him? A. I imagine it was around 9 or 10. Q. Was he still living at that time? A. He was. Q. Was his condition caused by the wound which you have just described? A. It was.''

His condition continued to ''deteriorate'' which was caused ''from the hemorrhaging of the wound.'' Brittain was so nearly dead that any attempt to do anything rather than try to improve his condition would have resulted in immediate death. He died that night.

Other witnesses tended to corroborate Willie Pearl Walker's testimony and also the fact that Brittain exhibited no weapon and they saw none. We find no evidence that Brittain was armed. The jury was the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Herron* v. *State,* 202 Ark. 927, 154 S. W. 2d 351. It is also the jury's province to weigh the evidence on the issue of self-defense, relied upon by appellant, and accept what they believed to be true and reject any that they thought to be false. *Higdon* v. *State,* 213 Ark. 881, 213 S. W. 2d 621. There was no error in the trial court's refusal to direct a verdict for appellant at the conclusion of the State's case, and again refusing his request to direct a verdict at the conclusion of all the testimony. The rule is well established that when the evidence is sufficient, as here, to support a conviction a refusal to direct a not guilty verdict was not error. *Graham and Seaman* v. *State,* 197 Ark. 50, 121 S. W. 2d 892; *Ruffin* v. *State,* 207 Ark. 672, 182 S. W. 2d 673. As indicated we find ample substantial evidence that the victim's death was caused by the gunshot wound inflicted on him by appellant.

## II.

Appellant next contends (Assignments 5, 6 and 7) that the court erred in allowing the State's counsel to interrogate him as to his activities in the liquor business. ''Q. Does Joe Hardin sell whiskey there? A. No, he gave us some. By Mr. Edwardes: We object to that

. . . By Mr. Mathis: He is claiming this man was shot in a defense of his home. I want to show that it was a place of business where he regularly sold whiskey." We think there was no error. The court firmly admonished the jury not to consider the question propounded for any purpose. The question was answered in the negative. We think the court's admonition to the jury removed any possible prejudices to appellant in the circumstances.

## III.

Next appellant argues (Assignment 9 and Supplemental Assignment 6) that the court erred in instructing the jury that appellant assumed the burden of proof to sustain his plea of self-defense. On this point the trial court in conformity with § 41-2246, Ark. Stats. 1947 (C. & M. Dig., § 2342, and Pope's Dig. § 2968) instructed the jury in this language: "The killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve on the accused, unless the proof on the part of the state is sufficiently manifest that the offense amounted only to manslaughter, or that the accused was justified or excused in committing homicide," and "again, it is the duty of the court to admonish you that the defendant starts out in the beginning of the trial with the presumption of innocence in his favor. This is a presumption that begins with the trial of the case and continues throughout the trial, or until the evidence convinces you of his guilt beyond a reasonable doubt."

This identical question was answered contrary to appellant's contention in the case of *Hogue* v. *State*, 194 Ark. 1089, 110 S. W. 2d 11, wherein we said.

"The court gave an instruction conforming to § 2968, Pope's Digest, which reads: 'The killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve on the accused, unless by the proof on the part of the prosecution it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide.' It is

argued that this instruction cast upon the defendant the burden of proving his innocence, inasmuch as he admitted the killing. Such, however, is not the effect of the instruction when read in connection with instruction No. 11, given by the court, reading as follows: 'Under the law the defendant is presumed to be innocent. This presumption is evidence in his behalf and protects him from a conviction at your hands until his guilt is established to your satisfaction beyond a reasonable doubt.'

"This assignment of error is disposed of by the opinion in the case of *Tignor* v. *State,* 76 Ark. 489, 89 S. W. 96. A headnote in that case reads as follows: 'Where the jury are instructed, in a murder case, that the killing being proved, the burden of proving circumstances that justify or excuse the homicide devolves upon the accused, as provided by Kirby's Digest, § 1765, they should be further instructed that on the whole case the guilt of the accused must be proved beyond a reasonable doubt.'

"The judgment in that case was reversed because, after giving § 1765 of Kirby's Digest (which appears as § 2968, Pope's Digest) as an instruction, the court did not further charge the jury that on the whole case the guilt of the accused must be proved beyond a reasonable doubt. Here, however, the instruction numbered 11 copied above, does what the court there said should have been done."

We find no error in the giving of the above instructions in the circumstances.

## IV.

Appellant argues (Assignment 10 and Supplemental Assignments 3 and 5) that there was error committed by the court by calling the jury in after they had been out approximately two hours and inquiring: "The Court: Without telling the Court how you stand, do you know numerically about how you are divided. A. Yes. Q. Will you give me just that information—how you are divided numerically? A. It is two to ten; that's right, it's two to ten. The Court: Gentlemen, the Court would be very reluctant to keep you unless you think there is a

possibility of reaching some agreement. At the same time, the Court would say to you that it is to the interest of the State of Arkansas and to the defendant for you to reach an agreement in this case, if at all possible, and of course without any individual juror waiving any conscientious conviction he has. I have another jury out, and I would like to ask you to bear with the Court another ten minutes and see if you can come to some agreement in this case. All right, you may retire, and if you are not in by the time the other jury comes in, I will check with you.''

It further appears that the jury at 5:20 p.m. returned into open court and the record reflects: ''By the Court: Gentlemen, have you made any progress since you last reported? Member of the Jury: Yes, sir, your Honor, we have made a little progress. The Court: That is fine; would you like to try to finish up this afternoon, or would you like to recess and resume deliberations at 9:00 o'clock in the morning? Member: Let me ask you this; it has been put to me by some of the jurors. If we can agree on the charge, is it permissible for the Court to set the sentence? The Court: That is correct. However, that applies only to some degree less than first degree. The court can set the punishment on any degree less than first degree. Now, does that answer the question? Member: That answers the question.''

We find no error in the court's action in this connection. What we said in *Jackson* v. *State*, 94 Ark. 169, 126 S. W. 843, where a similar instruction or admonition was given to the jury, applies with equal force here. ''It will be observed that the court did not express any opinion as to the weight of the evidence, nor change in any manner the instructions already given; nor did the court urge the jurors to yield their individual convictions as to the result of the case. The statement amounted to no more than an admonition to the jury as to their duty to return a verdict, and this was guarded by the concluding remark that nothing that was said should influence the verdict. We find no prejudice in the remarks. *Johnson* v. *State*, 60 Ark. 45.'' So here the court did not even suggest,

much less instruct the jurors to yield their individual convictions in reaching their verdict, but, in effect, did no more than admonish them to do their duty.

Appellant's further contention that the court erred in refusing to allow him time for additional argument after the above instruction or admonition to the jury, we hold to be without merit. Here the court's admonition was not, in effect, a new instruction on some new issue, such as would entitle appellant to reargue the case, what he did in the circumstances was within the sound discretion of the court, and we find no abuse. ''The subjects and range, as well as the length, of the argument of counsel, must necessarily be left to the sound discretion of a presiding judge. And, unless grossly abused to the prejudice of a party, is not the subject of review here.'' *Reynolds* v. *State,* 220 Ark. 188, 246 S. W. 2d 724.

## V.

Finally, appellant stoutly insists that the trial court erred in limiting the time to argue this murder case to twenty minutes on each side over his objections and exceptions. An answer to this contention is that this assignment of alleged error was not preserved or brought forward in appellant's motion for a new trial and may not now be considered by us. In the very recent case of *Watkins, Broomfield and Matlock* v. *State,* 222 Ark. 444, 261 S. W. 2d 274, we reaffirmed this rule in this language: ''Under our long established rule, an error not preserved in the motion for a new trial cannot be considered by us on appeal, (. . . *State* v. *Neil,* 189 Ark. 324, 71 S. W. 2d 700; *Suit* v. *State,* 212 Ark. 584, 207 S. W. 2d 315).''

Finding no error, the judgment is affirmed.