Curtis RUSSELL *v.* STATE of Arkansas

CR 80-30                                                598 S.W. 2d 96
Supreme Court of Arkansas
Opinion delivered May 12, 1980

*Jack Holt, Jr.*, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Curtis Russell was convicted of first degree murder in the Jefferson County Circuit Court and sentenced to fifteen years imprisonment.

On appeal he alleges three errors, one of which has merit requiring us to reverse his conviction.

Russell was charged with killing Charles E. Chandler on the 28th day of July, 1978, in the town of Jefferson. Chandler was the husband of Pam Chandler, a female employee of Russell's at his bait shop located in Jefferson.

The proof showed that Chandler was shot with a shotgun at his salvage yard, which is located next to his residence. Sometime after 9:00 p.m., or thereabouts, he discovered a vehicle on fire in his salvage yard. He went to investigate the fire and was killed. There were no eyewitnesses.

Strong circumstantial evidence linked Russell to the crime. It revolved around a 12-gauge shotgun that Russell had borrowed about two weeks before the killing. There was also testimony that Russell had made several statements that could be interpreted that he intended to do away with Chandler. The same night that Chandler was shot, and about the same time, Russell returned to shotgun to its owner. Early the next evening he bought the gun from the owner for $100.00 and later that same evening, the day after Chandler was shot, he gave the gun to a friend of his named Roger Van Dyke, Jr., who lived in Blytheville. Van Dyke was in Jefferson and was going to return to Blytheville. There was testimony that Russell asked Van Dyke to take the gun to Blytheville and get him another shotgun. It was Van Dyke's testimony that presents the main issue before us.

Before the trial Van Dyke had suffered three heart attacks and his doctor verified by affidavit that he could not attend the trial. The prosecuting attorney filed a motion to obtain a court order to take Van Dyke's deposition. The prosecuting attorney conceded in his motion that there was no statutory authority for such a procedure but alleged that the court had inherent power to authorize the taking of the deposition. The trial judge agreed and approved the order and the deposition was taken by means of a video tape recording. It was presented to the jury as evidence and after the jury retired to deliberate, it returned and asked to review the tape.

Russell argues that the court had no power to authorize the taking of the deposition and it was prejudicial error. It is also argued that it was error to permit the jury to review the video tape. A third error argued is that pictures submitted to the jury were inflammatory. There was no objection made by counsel to the jury's reviewing the video tape and, therefore, we do not consider that allegation of error on appeal. *Dyas* v. *State*, 260 Ark. 303, 539 S.W. 2d 251 (1976). The photographs are not in the record, not before us, and we cannot consider the merits of that argument.

While we have approved the use of a video tape recording in taking depositions, that is only in an instance where a deposition is lawfully authorized. *King* v. *Westlake*, 264 Ark. 555, 572 S.W. 2d 841 (1978). The *King* case was a civil case and a deposition was permitted by statute in that case. This is a criminal case and Arkansas law did not authorize a prosecuting attorney to take a deposition of a witness which could be used as evidence in a trial. The State concedes this. That is what Ark. Stat. Ann. § 43-2011 (Repl. 1977) says. That statute reads in part:

> The Court ... may authorize a *defendant* to take the deposition of a material witness. . . . [Emphasis added].

The State argues that it is unfair to permit only a defendant to take a deposition and, therefore, the trial judge was not wrong in holding that the Court had inherent authority to permit the deposition to be taken by the State and used. We

held in *Missouri & North Arkansas Railroad Company* v. *Daniels*, 98 Ark. 352, 136 S.W. 651 (1911) that the right to take depositions in a law case rests upon statutory authority and in no case can the right be exercised unless the authority therefor exists. That is still the law in Arkansas. Consequently, the court was wrong in permitting the deposition to be taken and used.

The State points out that on the 18th of April, 1979, the day after this trial, Act 1022 of 1979 became effective changing Ark. Stat. Ann. § 43-2011 to permit both sides in a criminal case to take depositions and use them. That is correct, but that was not the law when this case was tried. We cannot retroactively apply such a law and, consequently, hold that it has no bearing on the decision of the trial court nor our decision in this case.

Reversed and remanded.

HOLT, J., not participating.