Terry KELLEY *v.* STATE of Arkansas

CA CR 82-127                    644 S.W.2d 638

Court of Appeals of Arkansas
Opinion delivered January 26, 1983

*Guy H. "Mutt" Jones, Phil Stratton* and *Casey Jones,* by: *Phil Stratton,* for appellant.

*Steve Clark,* Atty. Gen. by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Terry Kelley appeals from his convictions of battery in the third degree against Emmet Don Clark and Wesley Boyce in violation of Ark. Stat. Ann. § 41-1603 (Repl. 1977). At the trial, while admitting the use of a knife in the affray which led to both battery charges, the appellant interposed the defense of justification. He advances two procedural errors for the reversal of both

convictions. We find no merit in either of them. We do agree, however, that the conviction for battery committed upon Boyce is not supported by substantial evidence. On appeal we view the evidence in the light most favorable to the State and will affirm if there is substantial evidence to support the conviction. *Profit* v. *State,* 6 Ark. App. 51, 637 S.W.2d 620 (1982); *Fountain* v. *State,* 273 Ark. 457, 620 S.W.2d 936 (1981). Our recitation of the factual background leading up to the incident is viewed in that light.

The appellant and both complaining witnesses were employees of the Kroger Company. The appellant had been employed for a longer period than the others and under a collective bargaining contract he was entitled to preference in job assignment, work hours and rates of pay. It was admitted that throughout the past year, notwithstanding that provision, the appellant had not been assigned as many hours as the complaining witnesses and had finally announced that he would assert his rights under the contract. Neither complaining witness denied that appellant had that right under the contract.

On the day of the incident Clark worked the morning shift and the appellant worked the afternoon. The appellant was clocking in at the same time Clark was clocking out. Clark testified that as they passed the appellant "elbowed him." In an argument appellant stated that Clark was getting more hours than he was and that he was going to "bump" him. He stated that if he "did not like it, we could meet after work and have a fight." Clark agreed to meet him in the parking lot after the work day.

Clark, fearing that the appellant would not come alone, brought Gerald Wesley Boyce, Paul Harrison and Robert Scott Leffert along to assure that the fight would be a fair one restricted to Clark and the appellant. The appellant came out of the building alone and, seeing Clark and his associates, accused them of being "four on one." All four testified that they assured appellant that no one would interfere and that the fight was to be solely between Kelley and Clark. Appellant then hailed a passing car containing three individuals who agreed to join in if any of Clark's

associates did so. According to Clark and his associates appellant stated that he intended to exercise his contract rights, "bump" Clark, and challenged him to "do something about it if you will." Clark struck the appellant, knocking him to the ground. Appellant rose, backed off a few feet, pulled a knife from his pocket and stabbed Clark in the chest. Clark retreated to a wall of the building and the appellant advanced and stabbed him again in his side.

Boyce, who had not participated, moved toward the two men because he thought Clark was about to fall due to his wounds. The appellant turned, charged at Boyce and cut him on the shoulder. All four prosecuting witnesses testified that only Clark had engaged in the fight and that Boyce had made no threatening moves toward appellant before he lunged at him with the knife. According to the medical testimony Clark received two wounds, one severing a small artery in the chest wall and damaging a lung. He remained in the hospital for five days after emergency surgery as a result of what the doctor described as "life threatening wounds." The wounds to Boyce were less severe but he sustained a cut or scratch on his shoulder.

Two weeks before the trial, the appellant served notice that it would take the discovery deposition of an official of the Kroger Company and issued a subpoena duces tecum directing a corporate official to bring with him to the designated place all records relating to the work and pay records of Clark, Boyce, Harrison and Leffert. The appellant contended there, as it does here, that this information was relevant to his defense of justification as it would show motivation for a conspiracy by the prosecuting witnesses to intimidate him into forgoing rights afforded him under the collective bargaining agreement and that it was appellant's announced intention to assert those rights which led to the affray. The trial court ruled that whether Clark and Boyce were improperly allowed to earn more or resented appellant's intent to "bump" them was irrelevant to the issue of whether he was justified in stabbing the two. The subpoena was quashed.

While we agree with the trial court that whether the appellant had been discriminated against by the employer was irrelevant to the stabbing of the two complaining witnesses, we sustain the action of the trial court for an even more compelling reason.

The subpoena duces tecum in question was not requested and issued to require the attendance of the corporate officer and his records at the trial as provided in Ark. Stat. Ann. § 43-2004 (Repl. 1977). It sought to compel the attendance of the witness with his records at a discovery deposition to be taken in advance of a criminal trial. It is well settled that the right to take a deposition rests upon statutory authority and in no case can that right be exercised unless that authority exists. *Russell* v. *State,* 269 Ark. 44, 598 S.W.2d 96 (1980).

The notice recited that the deposition was to be taken pursuant to Rules 30 and 34, Arkansas Rules of Civil Procedure, and Ark. Stat. Ann. § 43-2011 *et seq.* (Supp. 1981). The discovery procedures permitted in Rules 30 and 34, Arkansas Rules of Civil Procedure, are applicable only to civil actions. Arkansas Rules of Civil Procedure, Rule 81 (a). They are not applicable in criminal proceedings unless there is a specific statute so providing.

Ark. Stat. Ann. §§ 43-2011, 43-2011.1 (Supp. 1981) do authorize the taking and use of depositions in criminal cases but are expressly limited to the deposition of a material witness where there are reasonable grounds to believe that before the trial the witness will die, or become mentally incapable of giving testimony, or physically incapable of attending the trial, or otherwise be incapable of attending the trial. Where there is a proper showing of the existence of the reasonable grounds to believe that the witness will become unavailable the court may order the taking of the deposition and production of documents for the purpose of reading it into evidence at trial.

Ark. Stat. Ann. § 43-2011.2 (Repl. 1977) and our Rules of Criminal Procedure provide adequate methods of the discovery and inspection of documents in the possession,

custody or control of the State which are known or in the reasonable exercise of diligence may become known to the prosecuting attorney. Here the material about which the defendant wished to inquire was not in the possession of the State but in that of a third party over which the State had no control.

Appellant has not cited to us, and we find no statutory authority for, the taking of a pre-trial deposition in the circumstances presented by this record or for the purpose for which it was sought in a criminal proceeding.

Appellant next argues that the trial court erred in limiting his closing argument to fifteen minutes. We do not agree. The rule is well settled that the subject and range, as well as the length, of an argument of counsel must necessarily be left to the sound discretion of the presiding judge and, unless that discretion is grossly abused to the prejudice of a party it is not subject to review. *Hardin* v. *State*, 225 Ark. 602, 284 S.W.2d 111 (1955); *Reynolds* v. *State*, 220 Ark.188, 246 S.W.2d 724 (1952).

The appellant first asked for "unlimited time" for his argument. The court stated that he would be allowed fifteen minutes. The appellant then requested an "unfettered thirty minutes" for his argument. The trial court denied that request stating that the evidence was not in sufficient conflict to warrant lengthy argument.

The record reflects that there were five eye witnesses to the affray. They all agreed that the entire incident lasted less than one minute. Clark, Boyce, Leffert and Harrison all testified that only Clark advanced on or in any way threatened the appellant in the fight and that the others were present only to assure that the fight was a fair one and limited to Clark and Kelley. Two of Clark's associates fled before the stab wound was inflicted. Boyce advanced only after the first wound was inflicted and only for the purpose of assisting Clark who was about to fall. The appellant testified that they all were advancing upon him and that he had reasonable grounds to believe that he was about to be the victim of all four, two of whom were skilled in the martial

art of karate. All of the parties agreed that appellant had the right to "bump" them and that he was in fact entitled to more work hours than they were under the collective bargaining contract. The affray, the cause of it and appellant's beliefs could be reviewed and argued in a very short time.

The only other matters in evidence were whether the wound suffered by Boyce was of sufficient severity to warrant conviction and appellant's reputation for truthfulness and as a peaceful person.

Even if the trial judge did not properly exercise his discretion, and we think he did, appellant would still be required to demonstrate from the record that he was prejudiced. The arguments of counsel were not transcribed. We therefore cannot tell from the record whether the argument was adequately presented or even if all of the allotted time was used. The appellant proffered nothing in the record and points out nothing to us which would tend to show what, if anything, he was unable to tell the jury as a result of the court's ruling.

The conviction for battery committed on Clark is affirmed.

The appellant next contends that the evidence was insufficient to sustain the conviction of battery in the third degree as to Boyce. We agree.

Ark. Stat. Ann. § 41-1603 (1) (a) (Repl. 1977) defines the offense as follows:

A person commits battery in the third degree if, with the purpose of causing physical injury to another person, he causes physical injury to any person.

"Physical injury" is defined as "the impairment of physical condition or the infliction of substantial pain." Ark. Stat. Ann. § 41-115 (14) (Repl. 1977). The testimony of Boyce with regard to his injuries was as follows:

Q. Now were you also cut?

A. Yes sir.

Q. Where?

A. On the right shoulder.

Q. Did you require stitches or medical attention?

A. No sir, it wasn't that severe.

Q. Through your clothes?

A. I believe it did, sir. I'm not sure about that it's been so long.

Paul Harrison, one of Boyce's associates, compared Boyce's injuries to a "fingernail scratch." We conclude that the evidence as to the injuries to Boyce was insufficient to establish that his physical condition was impaired or that he was inflicted with substantial pain. We conclude that the conviction of battery in the third degree committed upon Boyce is not supported by substantial evidence.

That conviction is reversed and dismissed.

MAYFIELD, C.J., and CLONINGER and CORBIN, JJ., dissent.

MELVIN MAYFIELD, Chief Judge, dissenting. I agree that the trial court erred but I think the majority has chosen the wrong thing as error.

The error, in my opinion, occurred when the court limited defense counsel to fifteen minutes for jury argument. I strongly support the proposition that a trial judge must have a large degree of discretion in managing and controlling the proceedings at a trial, but I am also firm in the belief that this means "that sound judicial discretion the exercise of which is a matter of review." *Kansas City Southern Ry. Co.* v. *Murphy*, 74 Ark. 256, 259, 85 S.W. 428 (1905).

Here, the fifteen-minute limitation, in my judgment, was not the exercise of sound judicial discretion. I also disagree with the majority opinion's assertion that the appellant was required to demonstrate prejudice by placing in the record what "he was unable to tell the jury as a result of the court's ruling." How can an artist show us the picture he was not allowed to paint?

In one of the few in-depth considerations of judicial discretion, Rosenberg, *Judicial Discretion of the Trial Court, Viewed From Above,* 22 Syracuse L. Rev. 635, 665 (1971), it is said, "a trial judge relying upon discretionary power should place on record the circumstances and factors that were crucial to his determination." The court here asked how much time the attorneys wanted for closing argument. The prosecuting attorney asked for fifteen minutes and defense counsel wanted "unlimited time." The judge's only explanation of his selection of the fifteen-minute period was:

> Phil, the court heard five witnesses all of whom testified to the same set of circumstances. There wasn't a hill of beans difference in any of the way the witnesses said it happened. When you tell it one time, you wipe out all the witnesses, and the rest of your case is character witnesses.

I believe much more was involved than simply rehashing what the witnesses to the "fight" said happened. In the first place the trial judge was wrong if he thought only five witnesses testified to what occurred. There were actually seven such witnesses. In all, a total of fourteen witnesses testified, including a doctor who performed surgery on Emmet Don Clark. The testimony covers 173 legal-size pages. The trial started at 9:00 a.m. and the jury retired to consider its verdict at 4:25 p.m. The court gave the jury 24 instructions and 7 verdict forms. The instructions cover 9 legal pages and the verdict forms use 3 more pages. The defendant could have received 20 years imprisonment and a $15,000.00 fine on each charge. Of course, it was within the court's discretion to refuse the appellant's request for "unlimited time" for jury argument, but the above circum-

stances demonstrate to me that the exercise of sound judicial discretion required more than an agreement to the limit suggested by the prosecuting attorney based upon the trial court's perception that "there wasn't a hill of beans difference in any of the way the witnesses said it happened."

Thus, I would reverse the convictions and remand on both charges, but I would not reverse the conviction of battery on Boyce on the basis that he was not caused "substantial pain." To put that charge in perspective it should be noted that battery in the first degree comprehends life-endangering conduct, second degree punishes conduct resulting in serious physical injury, and third degree requires only physical injury which is defined as "the impairment of physical condition or the infliction of substantial pain."

In addition to the evidence set out in the majority opinion, Boyce testified that the appellant "cut me on the shoulder"; appellant himself said that Boyce received "a small nick across the arm"; and the witness Harrison testified that the cut brought blood. I submit that whether this cut caused "substantial pain" was a question for the jury. In *The Scott-Burr Stores Corp.* v. *Foster,* 197 Ark. 232, 242, 122 S.W.2d 165 (1938), the court said that many questions and answers about the pain and suffering caused by injuries are "unnecessary attempts at proof of facts known by everyone who understands the extent of injuries." And, after all, in the instant case the trial court instructed the jury that they were not required to set aside their common knowledge, but had a right to consider all the evidence in the light of their own observations and experiences in the affairs of life. I would let them do that. Not only is it proper under the law but I am satisfied the jury knew as much about whether the cut caused Boyce "substantial pain" as this court does.

CLONINGER and CORBIN, JJ., join in this dissent with regard to the limitation of the jury argument.